# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| ACUITY, A MUTUAL INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-CV-948 |
| ) | |
| CUSTOM CRAFTSMEN HOMES ) | |
| AND REMODELING, LLC and ) | |
| BROWNSBURG BAPTIST CHURCH, ) | |
| ) | |
| Defendants. ) | |

## ACUITY, A MUTUAL INSURANCE COMPANY'S
## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Acuity, a Mutual Insurance Company, ("Acuity"), by and through its attorney, Erika S. Stamper of SmithAmundsen LLC, and pursuant to 28 U.S.C. §§2201 and 2202, brings this Complaint for Declaratory Judgment against the Defendants, Custom Craftsmen Homes and Remodeling, LLC ("CCHR") and Brownsburg Baptist Church ("BBC"), and states as follows:

## PARTIES

1. Plaintiff Acuity is an insurance company formed and existing under the laws of the State of Wisconsin with its principal place of business in Sheboygan, Wisconsin, and is authorized and licensed to write policies of insurance in the State of Indiana.

2. At all times relevant, Defendant CCHR was an Indiana limited liability company with a principal business address in Avon, Indiana.

3. Upon information and belief, CCHR ceased operations in or about May 2016.

4. Defendant BBC is an unincorporated association located at 3331 North County Road 900 East, Brownsburg, Hendricks County, Indiana.

5. Defendant BBC is the Plaintiff in an underlying action entitled *Brownsburg Baptist Church v. Custom Craftsmen Homes & Remodeling, LLC, et al*, currently pending in the Hendricks Circuit Court, Hendricks County, Indiana, under Cause No. 32C01-1809-PL-000136 ("the Underlying Lawsuit").

6. Defendant BBC is a party to this declaratory judgment action only because it may have an interest in the outcome. BBC will be dismissed from this action if it consents to be bound by the Court's judgment.

## JURISDICTION AND VENUE

7. Jurisdiction of the Court is premised upon 28 U.S.C. §1332, as the parties are citizens of different states and the matter in controversy, exclusive of interest and costs, exceeds the sum of seventy-five thousand dollars ($75,000.00).

8. Venue is premised upon 28 U.S.C. §1391 in that each defendant is a resident of this District as defined by 28 U.S.C. §1391, a substantial part of the events or omissions giving rise to this suit occurred in this District and the subject insurance policies were applied for and delivered in this District.

## FACTS

*History of the Underlying Lawsuit & Notice to Acuity*

9. BBC filed a Complaint ("Underlying Complaint") in the Underlying Lawsuit on or about September 27, 2018 naming Kenneth A. Sebree & Associates, Inc. ("Sebree"); Kenneth A. Sebree, personally ("Kenneth"); L.D. Huff, Inc. ("Huff"'); CCHR; Turner Master Masonry, Inc. ("Turner"); and All Seasons Superior Insulation Co., Inc. ("All Seasons") as defendants. BBC refers to CCHR, Turner and All Seasons collectively as the "Defendant Subcontractors." A

copy of the Underlying Complaint filed in the Underlying Lawsuit is attached hereto and incorporated herein as Exhibit "A."

10. On or about October 18, 2019, Acuity was first notified of the Underlying Lawsuit and the collapse at issue therein from McPike Insurance Services, Inc. ("McPike").

11. On or about January 3, 2020, CCHR filed its Answer and Affirmative Defenses in the Underlying Lawsuit.

12. On or about January 31, 2020, CCHR filed its Amended Answer and Affirmative Defenses in the Underlying Lawsuit.

*Allegations of the Underlying Complaint*

13. The Underlying Complaint alleges that, on or about March 14, 2006, BBC and Sebree entered into a contract for architectural services (the "Owner/Architect Agreement") with respect to a construction project (the "Project") at BBC, a copy of which is attached and incorporated into the Underlying Complaint as Exhibit 1.

14. The Underlying Complaint alleges that, on or about October 12, 2011, BBC and Huff entered into a written contract (the "Owner/Contractor Agreement") with respect to the Project, a copy of which is attached and incorporated into the Underlying Complaint as Exhibit 2.

15. It is alleged in the Underlying Complaint that CCHR entered into a subcontract with Huff (the "CCHR/Huff Subcontract") with respect to framing and other work on the Project.

16. The Underlying Complaint alleges that BBC is a third-party beneficiary of the CCHR/Huff Subcontract, that the CCHR/Huff Subcontract imposed duties upon CCHR and Huff

3

for the intended benefit of BBC, and that the performance of said contract rendered a direct benefit to BBC.

17. It is alleged in the Underlying Complaint that "in June 2016" most of the bulkhead structure in the sanctuary (the "Sanctuary") of BBC separated from the ceiling and collapsed (the "Collapse"), causing extensive damage to the structure itself as well as damage to other property, including BBC's furniture and equipment.

18. According to the Underlying Complaint, BBC has already incurred repair costs totaling nearly $250,000 and has obtained estimates to correct the construction defects that have not yet been repaired.

19. The Underlying Complaint alleges that BBC has or will incur substantial damages expected to be in excess of $600,000 to correct all of the design and construction defects and to repair and replace other damaged property, including, but not limited to, furniture and audio-visual equipment damaged during the Collapse, but that BBC's total damages have not been determined.

20. Count I of the Complaint alleges Breach of Contract against all Defendants.

21. It is alleged in Count I of the Underlying Complaint that all Defendants, including CCHR, promised and warranted to BBC that the Project would be constructed free of defects and in a reasonable and workmanlike manner, but that the Defendant Subcontractors, including CCHR, each failed to perform their contractual duties, promises and warranties and breached their respective subcontract agreements by knowingly and recklessly performing work on the Project and by incorporating materials into the work on the Project that are or were defective and/or were omitted or installed correctly.

22. It is alleged that Huff, as General Contractor, and the Defendant Subcontractors, including CCHR, breached the Owner/Contractor Agreement and that Huff and the Defendant Subcontractors are bound by the provisions of the Owner/Contractor Agreement requiring each of them to indemnify and hold harmless BBC from and against all damages, losses, and expenses, including attorneys' fees, arising from the destruction of tangible property.

23. It is alleged in Count I of the Underlying Complaint that, as a direct and proximate result of Huff's and the Defendant Subcontractors' breach of their respective contractual obligations to BBC, BBC sustained substantial damages including, but not limited to, the ongoing cost of repair and/or replacement of the numerous material defects in the Project; diminution in the value of the Project; damage to other property including furniture and equipment, interest; loss of use; costs of inspections; engineering fees; litigation costs and expert fees, the full amount of which is not yet known but all of which shall be proven at trial.

24. Count II of the Underlying Complaint alleges Breach of Express and/or Implied Warranties against Huff only.

25. Count III of the Underlying Complaint alleges Negligence and/or Negligence Per Se against Huff and each of the Defendant Subcontractors in that the Project was and is defective as a result of their respective breach of duties owed to BBC.

26. It is alleged in Count III of the Underlying Complaint that each of the Defendant Subcontractors, including CCHR, was negligent by failing to use reasonable care in the performance of their duties to construct the Project in accordance with the contract documents; by failing to use reasonable care in the performance of their duties to construct the Project; failing to follow manufacturer's specifications in installing materials and components; failing to

adhere to express requirements of the applicable building codes; and failing to otherwise construct the Project in a workmanlike manner.

27. The Underlying Complaint alleges that, as a direct and proximate result of Huff's and the Defendant Subcontractors' negligence and/or negligence per se, the Project is substantially defective, and that BBC has incurred and will continue to incur substantial damages, the full amount of which shall be proven at trial.

28. Count IV of the Underlying Complaint alleges Statutory Violations against Sebree and Kenneth only.

## **THE ACUITY POLICY**

29. Acuity issued policy No. K51736 ("the Acuity Policy") to CCHR which includes, in relevant part, a Commercial General Liability Coverage Part ("CGL Coverage"). A copy of the Acuity Policy is attached hereto as <u>Exhibit B</u>, and incorporated by reference.[1]

30. The Acuity Policy incepted on August 11, 2006 and was renewed annually.

31. CCHR requested cancellation of the Acuity Policy, and the cancellation was effective May 24, 2016.

32. A copy of Acuity's Notice of Cancellation to CCHR is attached hereto as <u>Exhibit C</u>, and incorporated by reference.

33. The CGL Coverage of the Acuity Policy provides coverage for CCHR pursuant to the express terms of the Insuring Agreement which provides, in relevant part, as follows:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

\* \* \*

**SECTION I – COVERAGES**

---

[1] A certified copy of the Acuity Policy has been ordered. Acuity will amend this Complaint for Declaratory Judgment to attach a certified copy of the Acuity Policy upon receipt of same.

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of *bodily injury* or *property damage* to which this insurance applies. We will have the right and duty to defend the insured against any *suit* seeking those damages. However, we will have no duty to defend the insured against any *suit* seeking damages for *bodily injury* or *property damage* to which this insurance does not apply.

    \* \* \*

    b. This insurance applies to *bodily injury* and *property damage* only if:

       (1) The *bodily injury* or *property damage* is caused by an *occurrence* that takes place in the *coverage territory*;

       (2) The *bodily injury* or *property damage* occurs during the policy period; …

    \* \* \*

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

\* \* \*

2. **Duties In The Event Of Occurrence, Offense, Claim Or Suit**

    a. You must see to it that we are notified as soon as practicable of an *occurrence* or an offense which may result in a claim….
    
    \* \* \*
    
    b. If a claim is made or *suit* is brought against any insured, you must:

       **(1)** Immediately record the specifics of the claim or *suit* and the date received; and

       **(2)** Notify us as soon as practicable.

       You must see to it that we receive written notice of the claim or *suit* as soon as practicable.

    c. You and any other involved insured must:

7

      **(1)**    Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or *suit*;

* * *

**SECTION V – DEFINITIONS**

* * *

17.    "*Property damage*" means:

    **a.**    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    **b.**    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the *occurrence* that caused it.

* * *

34.    CCHR requested defense and indemnification for the Underlying Lawsuit under the Acuity Policy.

35.    Acuity has agreed to defend CCHR in the Underlying Lawsuit pursuant to a reservation of rights and has initiated this declaratory judgment action to determine its obligations under the Acuity Policy.

**DISCOVERY IN THE UNDERLYING LAWSUIT**

36.    Upon information and belief, the Project at BBC was completed in 2011 or 2012.

37.    According to BBC, "there was no advance notice of the structural failure and collapse – the collapse occurred very suddenly." A copy of BBC's Answers to Defendant All Seasons Superior Insulations Company, Inc.'s First Set of Interrogatories to Plaintiff ("BBC's Answers to Interrogatories") in the Underlying Lawsuit are attached hereto as Exhibit D.

## COUNT I – DECLARATORY JUDGMENT
*No Duty to Defend or Indemnify*

38. Acuity realleges and incorporates by reference the allegations contained in Paragraphs 1 through 37, as and for the allegations of Paragraph 38.

39. In order for the CGL Coverage of the Acuity Policy to potentially provide coverage for "property damage", such "property damage" must occur with the effective dates of the Acuity Policy.

40. CCHR cancelled the Acuity Policy on May 24, 2016.

41. The Underlying Complaint alleges the Collapse occurred in "June 2016."

42. The Underlying Complaint does not allege "property damage" that took place during the effective dates of the Acuity Policy.

43. Because the Underlying Complaint does not allege "property damage" that took place during the effective dates of the Acuity Policy, Acuity has no duty to defend CCHR under the Acuity Policy against the causes of action alleged against CCHR in the Underlying Lawsuit.

44. Because Acuity has no duty to defend CCHR, it has no duty to indemnify CCHR under the Acuity Policy for the Underlying Lawsuit.

**WHEREFORE,** Plaintiff Acuity, a Mutual Insurance Company prays that this Honorable Court enter a judgment finding and declaring as follows:

A. Neither the Collapse nor any resulting "property damage" occurred within the effective dates of the Acuity Policy;

B. Acuity has no duty to defend CCHR in the Underlying Lawsuit;

C. Acuity has no duty to indemnify CCHR for any settlement or judgment entered in the Underlying Lawsuit; and

D. Granting such other and further relief as it deems just and proper under the circumstances.

## COUNT II – DECLARATORY JUDGMENT
*Late Notice*

45. Acuity realleges and incorporates by reference the allegations contained in Paragraphs 1 through 44, as and for the allegations of Paragraph 45.

46. The Acuity Policy contains a notice condition that requires CCHR to notify Allstate "as soon as practicable" "if a claim is made or 'suit' is brought against any insured..."

47. The Policy also provides that an insured must immediately send Acuity copies of any demands, notice, summonses or legal papers received in connection with the claim or suit.

48. The Collapse occurred in June 2016.

49. The Underlying Lawsuit was filed on or about September 27, 2018.

50. Acuity did not receive notice of the Collapse until October 18, 2019.

51. Acuity did not receive notice of the Underlying Lawsuit until October 18, 2019.

52. According to the online court docket, certain of the parties proceeded with motion practice and discovery before Acuity received notice of the Underlying Lawsuit.

**WHEREFORE,** Plaintiff, Acuity, prays that this Honorable Court enter an order stating as follows:

A. Adjudging, decreeing and declaring that CCHR breached the notice provisions in the Acuity Policy;

B. Adjudging, decreeing and declaring that Acuity has no duty to defend CCHR in the Underlying Lawsuit;

C. Adjudging, decreeing and declaring that Acuity has no duty to indemnify CCHR any settlement or judgment entered in the Underlying Lawsuit; and

D. Granting such other and further relief as it deems just and proper under the circumstances.

                           Respectfully Submitted,

By:    s/ Erika S. Stamper
          Erika S. Stamper (Attorney No. 29070-45)
          SmithAmundsen LLC
          150 N. Michigan Avenue, Suite 3300
          Chicago, Illinois  60601
          (312) 894-3200
          (312) 894-3210 (fax)
          estamper@salawus.com